UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| JOSE IRAHETA | * | CIVIL ACTION NO. 17-1363 |
| VERSUS | * | ELIZABETH E. FOOTE |
| EQUIFAX INFORMATION SERVICES LLC, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the undersigned magistrate judge, on reference from the District Court, are two motions: a motion to sever Plaintiff's claims against Defendant, Equifax Information Services LLC ("Equifax") relating to the data security incident Equifax announced on September 7, 2017 (the "Data Breach") [doc. # 94] filed by Equifax (the "Motion to Sever"); and Plaintiff's motion for leave to file a third amended complaint [doc. # 101] (the "Third Motion to Amend"). For reasons assigned below, the Motion to Sever is DENIED and the Third Motion to Amend is GRANTED, in part, and DENIED, in part.[1]

### Background

The already lengthy procedural history of this matter through January 10, 2018, is set out in the memorandum order filed that date, in which the undersigned granted Plaintiff's second motion for leave to amend in part, allowing Plaintiff to amend his existing FCRA claims, to add claims for negligence and defamation, and to add claims related to the Data Breach, and denied the motion in part, prohibiting Plaintiff from adding claims for injunctive relief [doc. #82]. That

---

[1] As these motions are not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

same date, the undersigned filed a report and recommendation recommending that Experian's motion to dismiss be denied as moot [doc. #83].  On January 25, 2018, the District Judge, adopting the report and recommendation, denied the motion [doc. #90].

On January 30, 2018, Equifax filed its Motion to Sever [doc. #94] (the "Motion to Sever"), seeking to sever Plaintiff's claims against it relating to the Data Breach, and pointing out that it intends to have this case "tagged" as a tag-along case in the Multi-District litigation pending in the Northern District of Georgia relating to the Data Breach (the "MDL").  Plaintiff opposed the Motion to Sever [docs. 105 & 106].

On February 9, 2018, Plaintiff filed his Motion for Leave to File Third Amended Complaint [doc. #101] (the "Third Motion to Amend"), seeking to "(a) cure defects in [his] Second Amended Complaint; (b) add additional FCRA, negligence, and gross negligence claims against all named Defendants (to include those related to data breaches at Equifax, Experian, and Trans Union); [and] (c) seek adequate equitable relief as well as damages from all named Defendants."  Third Motion to Amend, doc. # 101, p. 1.  Defendants oppose [doc. #107], arguing that the Court should deny as futile both Plaintiff's request to add new claims relating to various newly-alleged data security incidents involving Equifax, Experian, and Trans Union (the "New Privacy Claims") and additional claims that the Court previously held were futile.  Defendants argue that the New Privacy Claims are not credible, are based on incidents that have been public knowledge for a long time, and that they would unduly prejudice Defendants if they were added at this time.  Defendants further argue that Plaintiff's proposed amendments to add claims for gross negligence and violations of the Gramm-Leach-Bliley Act ("GLBA"), as well as his proposed request for injunctive relief are duplicative of proposed claims which the court has already denied as futile.

**I.      Leave to Amend.**

   *A. Legal Standard*

Under Federal Rule of Civil Procedure 15(a), a timely-filed leave to amend shall be "freely [granted] when justice so requires." FED. R. CIV. P. 15(a)(2). "'Whether leave to amend should be granted is entrusted to the sound discretion of the district court . . . .'" *Quintanilla v. Texas Television Inc.*, 139 F.3d 494, 499 (5th Cir. 1998) (quoted source omitted). Yet, "[i]n the context of motions to amend pleadings, 'discretion' may be misleading, because FED. R. CIV. P. 15(a) 'evinces a bias in favor of granting leave to amend.'" *Martin's Herend Imp. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). A district court must have a "substantial reason" to deny a request for leave to amend. *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted).

The Court considers the following factors in making its decision: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent any of these factors, leave should be granted. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing, *Foman*, 371 U.S. at 182).

If the proposed claims are not credible on their face, leave to amend should be denied as futile. *See Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184, 214 (5th Cir.), cert. denied, 138 S. Ct. 134, 199 L. Ed. 2d 35 (2017) ("If the allegations are 'enough to raise a right to relief above the speculative level and the claim for relief is plausible on its face, . . . amendment would not have been futile.'" (quoting *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 593 (5th Cir.

3

2016)).

### B. *New Privacy Claims*

Defendants attack the credibility of the New Privacy Claims by asserting that Plaintiff mined those claims from an internet article titled "4 Credit Bureau Data Breaches that Predate the 2017 Equifax Hack" (the "Web Article"). *See* Opposition to Amendment, doc. #107, pp. 3-4. Defendants quote excerpts from and attach the Web Article to support their assertions that Plaintiff modeled the New Privacy Claims solely on the Web Article. *See id.* Defendants highlight passages from the Web Article that they believe cast doubt on whether the alleged data security incidents affected Plaintiff.

Defendants do not attack the proposed third amended complaint on its face. *See* Opposition to Amendment, doc. #107, pp. 3-4. Instead, Defendants seek to undermine the credibility of the New Privacy Claims by establishing that they were mined from the internet, and that the plaintiff is not among the persons affected by those breaches, but they do not authenticate the Web Article or offer anything tending to support the accuracy of the allegations it contains, or anything to support their claim that the plaintiff is not part of the group affected. Accordingly, even if the Court were to apply a Rule 56 standard in accordance with Rule 12(d), Defendants have not submitted admissible evidence to support their argument. Thus, they have not established that Plaintiff's adding the New Privacy Claims would be futile.

Defendants also argue that the breaches alleged in the New Privacy Claims are not recent or new, raising the issue of undue delay in seeking an amendment. *See* Opposition to Amendment, doc. #107, p. 5. Generally, there is a presumption of timeliness where, as here, leave to amend is sought within a deadline for amendment previously set by the court. *See e.g., Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 755 (N.D. Tex. 2015). Defendants have

not identified anything to rebut that presumption, nor have they established that granting Plaintiff's Motion would cause undue delay.

Defendants argue that the proposed amendment will unduly prejudice them in preparing discovery in this case. *See* Opposition to Amendment, doc. #107, pp. 5-6. Defendants assert that they have been unable to conduct meaningful discovery in this case because of Plaintiff's previous amendments. *See id.* The Court finds that any harm threatened by existing discovery deadlines could be remedied by an extension or a continuance, which the Court would be inclined to grant if necessary to avoid undue prejudice. Defendants therefore have not established that they would be unduly prejudiced by the proposed amendment.

### C. Futility of Other Claims.

#### i. Gross Negligence & Negligence Per Se.

Defendants assert that Plaintiff failed to allege malice or willful intent with respect to his claims for gross negligence and negligence *per se*, as required by the FCRA. *See* Opposition to Amendment, doc. #107, pp. 6-7. The undersigned previously reviewed the proposed second amended complaint and, applying the liberal pleading standard, concluded that Plaintiff sufficiently pled malice or willful intent to injure. *See* Memorandum Order, doc. #82, pp. 6-7. The allegations the Court relied upon to reach that conclusion remain in Plaintiff's proposed third amended complaint. *Compare* Doc. #50-1, ¶¶ 23, 64, and 112(e) *with* Doc. #101-1, ¶¶ 20, 59, and 99(e). The Court again concludes these allegations of malice are likely sufficient to avoid dismissal of Plaintiff's gross negligence and negligence *per se* claims for failure to state a claim.

Defendants further argue that at least one of Plaintiff's gross negligence claims is barred under the FCRA's statute of limitations. A proposed amendment to add a time-barred claim should ordinarily be denied as futile. See *Crostley v. Lamar Cty., Texas*, 717 F.3d 410, 419 (5th

Cir. 2013). Claims for violations of the FCRA must be brought within two years of discovery or five years of the alleged violation, whichever is sooner. 15 U.S.C. § 1681p. Defendants assert that Plaintiff proposes to add a gross negligence claim based on conduct that occurred "sometime between March 1 and May 31, 2015." Opposition to Amendment, doc. #107, p. 7 (quoting Proposed Third Amended Complaint, doc. #101-1, ¶ 77(c)). However, Plaintiff does not allege when he first learned of the violation, so the Court cannot conclude based on the face of the proposed third amended complaint that the proposed claim is time-barred or otherwise is futile.

      *ii.* *Gramm-Leach-Bliley Act and Injunctive Relief*

Plaintiff's proposed third amended complaint contains claims under the Gramm-Leach-Bliley Act ("GLBA") and for injunctive relief. *See* Proposed Third Amended Complaint, Doc. #101-1, ¶¶ 87-89, ¶ 106. As the Court previously held, "Plaintiff has no private right of action under the GLBA to seek injunctive, or any other, relief," and injunctive relief is not available to Plaintiff under either the FCRA or the GLBA. Memorandum Order, doc. #82, p. 7. Plaintiff has not asserted any alternative legal basis for seeking injunctive relief. Accordingly, amending the complaint to add claims for violations of the GLBA or for injunctive relief would, yet again, be futile. Plaintiff is cautioned that the court has limited patience in dealing with repeated attempts to bring claims which it has already determined are futile or otherwise improper, that his *pro se* status is not a *carte blanche* to bring legally insufficient claims, and that any additional attempts to raise claims that this court has already deemed futile will give rise to monetary or other sanctions.

**II.** <u>**Motion to Sever.**</u>

Equifax asserts that it intends to "tag" this case for inclusion in the MDL, and seeks to sever Plaintiff's claims against it related to the Data Breach so that only those claims are

removed to the MDL.  Otherwise, Equifax asserts that it intends to have this entire case removed to the MDL.  Equifax argues that inclusion of Plaintiff's non-related claims in the MDL will burden and increase defense costs for Experian and Trans Union.

Plaintiff suggests that his New Privacy Claims against Experian and Trans Union will have questions of law in common with his claims against Equifax related to the Data Breach. *See* Amended Response, doc. #106, ¶ 1.  Plaintiff argues that this Court is capable of navigating the complexity of all of his claims and that judicial economy is best served by all his claims remaining in one suit.  *See id.* at ¶¶ 2 and 3.

Rule 21 provides that "[t]he court may [] sever any claim against a party."  Fed. R. Civ. P. 21.  The district court has broad discretion to sever issues to be tried before it.  *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir.1994).  While the Fifth Circuit has not adopted a severance test, it has observed that the district courts have settled on the following standard employed by other circuits:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*In re Rolls Royce Corp.*, 775 F.3d 671, 685 n.40 (5th Cir.2014) (citing, *inter alia*, *Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co., Inc.*, No. 11-2205-D, 2012 WL 4442368, at *1 (N.D. Tex. Sept. 26, 2012)).

Although Plaintiff's Data Breach-related claims do not arise out of the same transaction or occurrence as, share common questions of fact with, or require similar witness and documentary evidence as Plaintiff's other claims, they will share questions of law with Plaintiff's New Privacy Claims.  *See generally* Proposed Third Amended Complaint, doc. #101-1.  As to

whether severance would facilitate settlement or judicial economy, Plaintiff's argument on this issue is conclusory and Equifax's is speculative. *See* Motion to Sever, doc. #94, pp. 3-4; Amended Response, doc. #106, ¶ 3.

Equifax has failed to establish that granting its motion will prevent prejudice. While Equifax argues that sending Plaintiff's claims against Experian and Trans Union to the MDL will inconvenience Experian and Trans Union, Experian and Trans Union did not take a position on Equifax's motion or make that argument on their own behalf. Further, the prejudice Equifax envisions is highly speculative. Conversely, granting the Motion to Sever at this time is likely to cause a significant burden on the Plaintiff. Plaintiff is an active member of the military and is proceeding *pro se*. The burden of litigating his claims simultaneously in two very different forums would be quite high. The Court will not grant Equifax's motion simply to shift inconvenience from Experian and Trans Union to Plaintiff. *Camasso v. Dorado Beach Hotel Corp.*, 689 F. Supp. 384, 389 (D. Del. 1988).

Equifax has not persuaded the Court that application of the accepted factors warrants severance at this time. Accordingly, the Court concludes that Equifax's motion to sever should be denied.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that the pending motion to sever [doc. # 94] is **DENIED**.

IT IF FURTHER ORDERED that the pending motion for leave to file third amended complaint [doc. # 101] is **GRANTED** in part and **DENIED** in part. Plaintiff may file his proposed third amended complaint (doc. #101-1), but must remove his claims for violations of the Gramm-Leach-Bliley Act and his request for injunctive relief set forth therein.

In Chambers, at Monroe, Louisiana, this 18th day of April, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE